**UNITED STATES of America,**
**Appellee,**

v.

**Eugene J. CORSI, Appellant.**
**No. 13714.**

United States Court of Appeals,
Fourth Circuit.

May 6, 1970.

Brian P. Gettings, U. S. Atty., and Roger T. Williams, Asst. U. S. Atty., on the brief for appellee.

Thomas R. Dyson, Jr., Washington, D. C., Attorney, on the brief for appellant.

Before BRYAN, WINTER and BUTZ-NER, Circuit Judges.

PER CURIAM:

A conspiracy and two related substantive instances of illicit gambling were charged to Eugene J. Corsi in three counts of a five-count indictment.[1] Convicted on all three counts, Corsi received consecutive sentences of imprisonment. On his appeal we affirm subject to further inquiry upon the refusal of the trial court to allow the appellant access to the grand jury minutes.

Appellant's second and fourth assignments of error are factually and legally identical to assignments presented by his co-defendants and rejected by this court in United States v. McGowan and United States v. McCaleb, 423 F.2d 413 (4 Cir., decided March 16, 1970). Our disposition there governs in this appeal. As to the sufficiency of the evidence, we find it sufficient to warrant the jury's finding of guilt on all counts.

Appellant also attacks the conduct of the trial judge, asserting that the judge continually interrupted defense counsel and took over the examination of witnesses, and by his conduct demonstrated to the jury his belief that appellant was guilty. Appellant cites three occasions on which the trial judge asked questions of witnesses, and on independent examination of the transcript we have found no others of consequence.[2] We do not find the trial judge's conduct prejudicial; we find that it was within the discretion permitted a trial judge to ask questions pertinent to a confused factual issue and otherwise to clarify the issues presented. United States v. Cassiagnol, 420 F.2d 868 (4 Cir., decided January 8, 1970); United States v. Chase, 372 F.2d 453 (4 Cir. 1967).

Finally, we consider the trial judge's refusal to supply appellant with the minutes of the witness Bates' grand jury testimony. Appellant did not specifically make such a request at his trial; however, defense counsel had participated in the earlier trial of the co-defendants McGowan and McCaleb and had during that trial requested the same minutes as are involved here. Informed at the beginning of appellant's trial that evidentiary rulings made at the earlier trial would be followed, counsel may be understood as tacitly reserving objections on a point which he had already lost. In United States v. McGowan, supra, we remanded the cases to the District Court to permit defense counsel to inspect the requested minutes and we will follow the same procedure in this

---

1. His two co-defendants, David A. McGowan and Richard A. McCaleb, were charged in all five counts and convicted thereon in an earlier trial.

2. On a few other occasions the trial judge interrupted the Government's cross examination of the appellant in order to limit the scope of questioning. The appellant does not complain of these occurrences.

case subject to the same conditions. After counsel has looked at the minutes, the District Court will, according to its judgment, set aside or reaffirm the convictions.

For this purpose we temporarily suspend the judgment now on appeal and remand the case for this inquiry by the Court.

Vacated pro tempore.