**UNITED STATES of America,
Appellee,**

v.

**Glen Elmo RIGGS, Appellant.**

**No. 72–1159.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 11, 1972.

Decided Dec. 13, 1972.

Certiorari Denied March 26, 1973.
See 93 S.Ct. 1536.

---

J. Ronald Lynch, Alexandria, Va. (Court-appointed), Howard, Stevens, Lynch, Cake & Howard, Alexandria, Va., on brief, for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The basic facts in this case are uncontested. On June 4, 1971, Glen Elmo Riggs boarded a United Airlines flight in Charleston, West Virginia, bound for Newark, New Jersey. Some twenty minutes after takeoff, Riggs, displaying a gun, demanded that the plane be flown to Israel. After he became convinced that a long-range plane had to be obtained for the transoceanic flight, Riggs permitted the plane to land at Dulles Airport and the passengers and stewardesses to disembark. Then, for more than three hours, Riggs remained in the cabin of the plane talking to Flight Engineer Gregory Colliton. Finally, Riggs placed the gun on a seat and walked over to a water fountain for a drink of water. Colliton took possession of the gun and Riggs was placed in federal custody.

There was no contention at Riggs' trial that he did not commit the act of air piracy. Rather, counsel raised an insanity defense. But Riggs was convicted by a jury of violating 49 U.S.C. §§ 1472 (c) and (j) and was sentenced by Judge Oren Lewis to serve two concurrent twenty-year sentences in the penitentiary.

Riggs contends on appeal that Judge Lewis' participation in the examination of witnesses, particularly of the two defense psychiatrists, was prejudicial. Having thoroughly studied the entire transcript of the trial, we do not approve Judge Lewis' extensive and sometimes sharp questioning of witnesses. Nonetheless, it is clear that Riggs was not thereby prejudiced. United States v. Cassiagnol, 420 F.2d 868, 877 (4 Cir. 1970).

Appellant also urges that as a matter of law the District Court should have found that he lacked the requisite mental capacity to commit the crime of air piracy. It is the jury's duty to determine the issue of sanity. To permit a directed verdict would undercut this concept and turn the question of sanity at the time the crime was committed into a matter to be resolved by judge and psychiatrist, eliminating the jury's role.

In United States v. Wilson, 399 F.2d 459 (4 Cir. 1968), the defendant urged that a directed verdict of insanity was appropriate since the only psychiatric testimony presented was favorable to the defense. The court recognized the right of the jury to refuse to accord credence to such testimony and to disregard it. "The question was clearly one for the jury, and the motion for a judgment of acquittal, which would have deprived the jury of its function, was properly denied." 399 F.2d at 463. Certainly in this case, where there was a conflict among experts as to the competency of Riggs to commit the crime, a directed verdict would have been improper.

The other contentions raised by Riggs have received our careful consideration and we find them to be without merit. Accordingly, the judgment of the District Court is hereby

Affirmed.