**UNITED STATES of America**

v.

**Robert MARCONI and Nicholas Barnett et al.**

**Crim. No. 77–459.**

United States District Court,
E. D. Pennsylvania.

May 1, 1978.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Nino V. Tinari, Philadelphia, Pa., for defendant Marconi.

Frank J. Marcone, Media, Pa., for defendant Barnett.

## MEMORANDUM

FOGEL, District Judge.

Defendants were indicted in a one count indictment charging conspiracy to possess hashish with intent to distribute it, in violation of 21 U.S.C. § 846. The case proceeded to a jury trial which began on March 1, 1978. The jury was charged on March 7, 1978, and began deliberations on March 8, 1978 at 10:00 a. m. On March 9, 1978, after the jury informed the Court for the *third time* that they were "hopelessly" deadlocked, we declared a mistrial and discharged the jury; retrial was scheduled for April 3, 1978. The mistrial was urged upon us by counsel for defendants on each occasion·upon which the jury reported its failure to reach agreement. Finally, on March 9, after intensive and extensive deliberations demonstrated that the impasse was absolute, we agreed to the request of counsel for defendants and declared the mistrial.

At the retrial, before impanelling a jury, both defendants moved to dismiss the indictment on the ground of double jeopardy. Defendants' motions were denied and defendant Marconi then moved for a continuance to appeal our ruling. Since defendant had the right to appeal our ruling immediately under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), we granted defendant's motion for a continuance. Defendant Barnett, through his counsel, stated that he wished to proceed to trial. We treated this preference as a motion to sever, and denied it since the facts and issues of this case, as they relate to each defendant, are so inextricably intertwined that a joint trial is necessary. The reasons for our denial of defendants' motions to dismiss on the ground of double jeopardy follow.

It is well settled that the Fifth Amendment right against double jeopardy attaches when a mistrial has been improperly declared. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States ex rel. Webb v. Court of Common Pleas of Philadelphia County*, 516 F.2d 1034 (3d Cir. 1975). However, it does not attach where the trial judge properly declares a mistrial. *United States v. Goldstein*, 479 F.2d 1061 (2d Cir.), *cert. denied*, 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973). Therefore, defendants' motions to dismiss turn upon the propriety of our original declaration of a mistrial; accordingly, we will briefly review the critical facts which led us to declare the mistrial.

We instructed the jury on March 7, 1978; deliberations began on March 8, 1978, at 10:00 a. m. In the course of the jury's two full days of deliberations, they twice reported that they were deadlocked. Following each report, an *Allen* type instruction was given to the jury.[1] Moreover,

---

1. This instruction, extracted from "Federal Jury Practice and Instructions," Mathes and Devitt, 1965, § 79.01, and specifically approved by this Circuit in *United States v. Fioravanti*, 412 F.2d 407, 420 n. 32 (3d Cir. 1969), was as follows:

"It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict."

during their deliberations, the jury on two occasions requested further instructions with respect to the criteria to determine credibility and the standard governing reasonable doubt. Finally, the jury reported that they were absolutely at loggerheads and that further instructions would not be useful. Accordingly, we declared a mistrial and discharged the jury, as noted, only after strenuous and impassioned arguments to do so by counsel for defendants (the same counsel who represented them at the second trial).

 Declaration of a mistrial requires us to find a "manifest necessity" to do so. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). Declaration of a mistrial is within the sound discretion of the trial court, *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, *reh. denied,* 337 U.S. 921, 69 S.Ct. 1152, 93 L.Ed. 1730 (1949); *when it genuinely appears that the jury is unable to agree on a verdict, there is "manifest necessity" for declaring a mistrial. Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Perez, supra.*

He who runs may read! If ever a set of facts justified the declaration of a mistrial, this was the case. Indeed, we resisted the urging of counsel for defendants to do so until the third report of the jury to us. For these *same lawyers* representing the same clients now to complain of double jeopardy has all the sincerity of a plea for clemency by a child, who has murdered his or her parents, because the child is now an orphan! We consider the motion to be frivolous; nonetheless, it is appealable and we, therefore, wanted to state the reasons for our denial of the motion which is now before the Court of Appeals.