Cleeta John ROGERS,
Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

Cecil BATEMAN, Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

Nos. 79–1288, 79–1322.

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1979.

Gary F. Duckworth, Berger, Wells, Duckworth & Coyle, Oklahoma City, Okl., argued for defendants-appellants; Raymond Burger, Burger, Wells, Duckworth & Coyle, Oklahoma City, Okl., on the brief.

Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., argued for the U. S.; Joseph Raymond Keilp, Asst. U. S. Atty., Phoenix, Ariz., on the brief.

Before TRASK and GOODWIN, Circuit Judges, and LARSON,* District Judge.

LARSON, District Judge.

Appellants were tried together on charges of mail and wire fraud. After three days of trial, the jury retired to deliberate. On the fourth day of deliberation, the jury returned a verdict of guilty as to appellant Bateman, but stated it was unable to reach a verdict as to appellant Rogers. The judge gave the jury an *Allen* charge, asked them to return to further deliberation, and stated to the parties that if the jury could not reach a verdict within one day, he would have to end the case. The jury sent a note to the judge about an hour later, stating that they were deadlocked. The judge questioned the jury foreperson to verify the deadlock and then declared a mistrial as to appellant Rogers.

Before his retrial, appellant Rogers moved to dismiss the charges against him on double jeopardy grounds. The motion to dismiss was denied. Rogers appealed, arguing that he could not be retried because the trial judge did not ascertain if there was a manifest necessity for a mistrial.

■ Jury deadlock is a classic example of manifest necessity for a mistrial. The Supreme Court has stated that in such circumstances the decision of the trial judge will be given great deference because he is in the best position to assess the relevant factors. *Arizona v. Washington*, 434 U.S. 497, 509–10 and n. 28, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *see United States v. Sanders*, 591 F.2d 1293, 1296 (9th Cir. 1979); *Arnold v. McCarthy*, 566 F.2d 1377, 1386 (9th Cir. 1978); *United States v. See*, 505 F.2d 845, 850 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975). In this circuit the factors to be considered by the judge include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has made a timely objection to the mistrial, and the effects of exhaustion or coercion on the jury. *Arnold v. McCarthy, supra*, at 1387; *United States v. See, supra*, at 851–52.

■ The crucial factor is the jury's statement that it cannot agree. Therefore, the "judge should question the jury in such circumstances, either individually or through its foreman, on the possibility that its current deadlock could be overcome by further deliberations." *United States v. See, supra*, at 851. *See Arnold v. McCarthy, supra*, at 1387. The jury here reported that it could not reach a verdict as to appellant Rogers at the same time that it rendered the guilty verdict as to appellant Bateman. When the judge sent the jury back for further deliberations he specifically asked them to determine if they could reach a verdict or whether they were hopelessly deadlocked. The jury retired and sent a note back about an hour later, informing the judge that they were deadlocked. The judge made inquiry of the foreperson to verify the deadlock.

Under these circumstances there was no need for the judge to inquire further of the jurors about the possibility of a verdict. They had been deliberating for three and a half days after a trial which took about the same amount of time. This is a long time for a jury to deliberate, and there is a real danger that forcing further consideration could result in an unfair verdict. The judge gave the defendant the option of requesting that the jury continue to deliberate, but the record does not reveal that at any time the defendant objected to the mistrial or suggested that he would like further deliberation. The refusal to dismiss the charges on double jeopardy grounds is sustained.

■ Appellant Bateman also raises a double jeopardy claim, contending that he has been convicted of the same crime he had pled guilty to earlier. The mail and wire fraud charges lodged against Mr. Bateman in the current indictment

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

stemmed from the Del Rio Springs and Cedar Mountain Estates development schemes. The events occurred in 1972 through 1974. In a 1977 indictment Bateman had been charged with mail fraud in connection with New Life Trust in the time span 1969 through 1973. Mr. Bateman agreed to plead guilty to misprision of a felony in return for dismissal of the mail fraud indictment. The misprision took place in 1973 through 1976. The earlier guilty plea therefore involved a different development scheme, a different offense, and a partially different time frame. The trial court correctly denied Mr. Bateman's motion to dismiss the current indictment on double jeopardy grounds.

Appellant Bateman also claims that the trial judge injected himself excessively into the trial by questioning witnesses and making various comments.[1] Federal judges are given wide latitude in supervising trials and they have a duty to ensure that the evidence is presented in an orderly and clear manner. To this end a trial judge may question witnesses and control counsel. What is most important is that the judge avoid any appearance of partiality or hostility toward one side. *United States v. Marques*, 600 F.2d 742, 748 (9th Cir. 1979); *United States v. Eldred*, 588 F.2d 746, 749 (9th Cir. 1978); *United States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978); *United States v. Allsup*, 566 F.2d 68, 72 (9th Cir., 1977); *United States v. Harris*, 501 F.2d 1, 10 (9th Cir. 1974). The judge here interrupted both prosecution and defense counsel and witnesses. A careful examination of the judge's interventions discloses no prejudice to the defendant. It is, of course, preferable that a judge avoid unduly inter-

jecting himself into the trial, but where no prejudice to the defendant results, no reversible error has occurred. Appellant Bateman's conviction is affirmed.

The district court is affirmed in each of the two appeals.

---

1. As appellant notes, this particular judge has had several appeals taken against him based on excessive trial participation. However, in most cases no prejudice has been found from his interventions. *See United States v. Hickman*, 592 F.2d 931 (6th Cir. 1979) (prejudice found); *United States v. Riggs*, 470 F.2d 505 (4th Cir. 1972), *cert. denied*, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 198 (1973) (no prejudice); *United States v. Corsi*, 425 F.2d 1176 (4th Cir. 1970) (no prejudice); *United States v. Cassiagnol*, 420 F.2d 868 (4th Cir. 1970) (trial to the court, no prejudice to some defendants, prejudice found as to others); *United States v. Chase*, 372 F.2d 453 (4th Cir.), *cert. denied*, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967) (no prejudice); *Fields v. United States*, 370 F.2d 836 (4th Cir. 1967) (trial to the court, no prejudice).