WRIT GRANTED.
The defendant, Wayne Encalarde, was charged by bill of indictment on October 13, 1988, with manslaughter of his former wife, a violation of La.R.S. 14:31. Trial began on May 2, 1990 and lasted through May 9, 1990 (approximately six full days of trial and one, one-half day of trial). On May 9th, closing arguments were given and the court charged the jury as to the applicable law. At 6:39 P.M., the jury retired to deliberate. At 8:08 P.M., the jury returned and requested additional information from the judge regarding the law on misdemeanor manslaughter. The judge provided additional information and the jury again retired to deliberate at 8:26 P.M.
Sometime shortly thereafter, the foreman contacted the minute clerk and explained that the jury wished to hear some illustrations of the judge’s previous definitions of misdemeanor manslaughter. The minute clerk informed the trial judge that the jury requested additional information and that the jury was leaning toward an acquittal.[1] When the jury was returned to the courtroom, the trial judge, however, asked the foreman whether the jury had *991 reached a verdict. The foreman, Mr. Roland Gordon, responded, “No. judge. We are unable to reach a verdict.” The court continued, “Do you feel that any further deliberations would serve any purpose?” And, Mr. Gordon responded, “I don’t believe so.” Judge Perez then asked the foreman if there was any movement among the jurors. Mr. Gordon responded, “No. We had movement earlier, but I don’t’ think we’re going to get any further movement.” The foreman also told the judge there had been no movement within the last forty-five minutes.
The trial judge, without questioning the individual jurors and over adamant objections by defense counsel, granted a mistrial. The entire period of deliberations lasted slightly longer than two hours.
On June 27, 1990, defense filed a motion to recuse the trial judge. Two days later, the case was reallotted to Section “E” because the trial judge admitted that he knew the victim and the defendant. On August 3, 1990, defense counsel filed a Motion to Quash, arguing that double jeopardy prohibited the defendant’s re-trial. A hearing was held on this motion on September 21, 1990. On September 26, 1990, the trial court denied the motion to quash. It is from this ruling that the defendant now seeks to invoke the supervisory jurisdiction of this Court.
The Fifth Amendment to the United States Constitution and Article I Section 15 of the Louisiana Constitution of 1974 prohibit the government from twice placing a person in jeopardy for the same offense. C.Cr.P. Art. 591 provides, “No person shall be twice put in jeopardy of life or liberty for the same offense, except, ... where there has been a mistrial legally ordered under the provisions of Article 775....”
Generally, a mistrial declared by the trial court without the consent of the defendant will bar further prosecution of him for the same criminal conduct. State v. Birabent, 305 So.2d 448 (La.1975). One of the limited exceptions to this general rule is stated in C.Cr.P. Art. 775: “A mistrial may be ordered and, in a jury case, the jury dismissed when ... 2) the jury is unable to agree upon a verdict ...”. Official Revision Comment “C” to Article 775 provides, “the above categorical article is used in this Code in lieu of a ‘general test’ article ... that ‘is more specific’ than the ‘manifest necessity’ test” which is used by the federal courts. However, the comment continues, “It is universally held that a dismissal because of inability of the jury to reach a verdict is no bar to a subsequent prosecution,” citing two U.S. Supreme Court decisions. Thus, although the manifest necessity test employed by the federal courts and the categorical listing provided in Article 775 may be slightly different, it appears that if a trial judge grants a mistrial when the jury is hopelessly deadlocked in either a federal or a Louisiana court, retrial of the defendant is not barred by the double jeopardy clause. The converse would also be true: if a trial judge improperly grants a mistrial against the objection of the defendant in either a federal court or a Louisiana Court, the double jeopardy cause would prohibit retrial of the defendant for the same offense.
There are no Louisiana cases which discuss this issue. However, this court has reviewed the cases cited by defendant and concludes that the courts have examined several factors when reviewing the trial court’s decision to grant a mistrial. Those cases reveal the following: (1) whether the trial court questioned the individual jurors or the jury as a group; (2) whether the trial court allowed defense counsel to make arguments against granting a mistrial; (3) the length of the trial; and, (4) the length of the jury deliberations.[2]
We have also reviewed several cases where the court found no abuse of discretion by the trial court in granting a mistrial.
*992 In Rogers v. U.S., 609 F.2d 1315 (9th Cir.1979), the jury deliberated for three and one-half days after a three and one-half day trial. One hour after receiving an Allen charge, the foreman sent a note to the judge indicating that the jury was deadlocked. The Ninth Circuit found that after the trial judge inquired of the foreman to verify the deadlock, there was no need to inquire any further about the possibility of obtaining a verdict. The Ninth Circuit found that the trial court did not abuse its discretion in granting a mistrial in this instance.
In Arnold v. McCarthy, 566 F.2d 1377 (9th Cir.1978), the trial court declared a mistrial after the jury had deliberated twelve hours and the jury foreman informed the trial court that the jury was unable to reach a verdict. The trial court questioned the jury as a group and the jury indicated that there was no reasonable probability of reaching a verdict. The Ninth Circuit found that the mistrial did not bar a second trial.
In U.S. v. Wright, 622 F.2d 792 (5th Cir.1980), the jury deliberated two and one-half days following a five day trial. After receiving an Allen charge, the jury stated they were still deadlocked. The Fifth Circuit found that a mistrial was proper and necessary in such circumstances so that double jeopardy did not bar a retrial. See also U.S. v. Powless, 546 F.2d 792 (8th Cir.1977); U.S. v. Perez, 565 F.2d 1227 (2nd Cir.1977); U.S. v. Marconi, 449 F.Supp. 81 (D.C.Pa.1978).
In the present case, trial lasted six and one-half days and jury deliberations lasted less than two hours and fifteen minutes. The trial judge refused to allow the defense counsel to speak and present alternatives to a mistrial. The trial court also did not question the jurors individually (or as a group), but rather relied on the statements of the jury foreman that the jury was unable to reach a verdict. Also, the foreman told the trial judge that there had been no movement among the jurors for the past forty-five minutes, indicating that there had been movement prior to that time. Furthermore, in the present case, the judge was asked to provide illustrations to the jury regarding misdemeanor manslaughter. The judge was not informed by the minute clerk that the jury was deadlocked, yet when the judge returned to court, he did not provide additional illustrations to the jury but asked whether the jury was deadlocked. The judge knew at this time that the jury was leaning toward acquittal. Furthermore, the trial court declared a mistrial at 9:28 P.M., after eight hours of closing arguments, jury charges and jury deliberations. Also, the jurors had not eaten dinner. Under the holdings of the seven cases cited by the defendant, we conclude that the trial court erred by granting a mistrial over objection of the defense. The trial court’s ruling will bar retrial of the defendant on the same charge.
Accordingly, we reverse the ruling of the trial court and grant defendant’s motion to quash based on double jeopardy.

. Apparently the minute clerk obtained this information from the jury foreman. This was not known to defense counsel until after the mistrial was declared.

. United States v. Gordy, 526 F.2d 631 (5th Cir.1976); United States ex rel Webb v. Court of Common Pleas, 516 F.2d 1034 (3rd Cir.1975); United States v. Horn, 583 F.2d 1124 (10th Cir. 1978); United v. Hotz, 620 F.2d 5 (1st Cir.1980); Brown v. Hughes, 483 F.Supp. 793 (D.Ariz.1980); State v. Linscott, 416 A.2d 255 (Maine 1980); Koehler v. Alaska, 519 P.2d 442 (Alaska 1974).