953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian B. YOUNG, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony CROSBY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward WILLIAMS, Defendant-Appellant.
 Nos. 90-10485, 90-10486 and 90-10487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Jan. 24, 1992.
 
 Before GOODWIN, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 Appellants Brian B. Young, Anthony Crosby, and Edward Williams were each indicted on two counts of conspiracy to distribute cocaine. In addition, Crosby and Young were charged with one count of possession of cocaine with intent to distribute.
 
 
 3
 Appellants were tried in December 1989, along with other codefendants indicted in connection with the same conspiracy.[1] The jury deliberated four days without returning a verdict.
 
 
 4
 At the end of the fourth day, the trial judge recalled the jury and inquired whether further deliberation or instruction would assist them in reaching a verdict. Eight of the twelve jurors responded that the deadlock appeared hopeless and that further deliberation would not be helpful. Four thought otherwise.
 
 
 5
 Outside the presence of the jury, the trial judge invited all counsel to offer any suggestions which might assist in breaking the deadlock. The prosecution suggested that an Allen charge be given,[2] but defense counsel objected. The court then informed counsel that it intended to recall the jury and receive any verdicts the jury had reached. Neither side objected. The jury was recalled and announced it was deadlocked concerning Young, Crosby and Williams. Thereupon, the court declared a mistrial as to these defendants.
 
 
 6
 After the mistrial, Young, Crosby and Williams moved to dismiss their indictments, asserting that any attempt to retry them on the same charges would constitute double jeopardy. The district court denied the motion, and this appeal followed.
 
 DISCUSSION
 
 7
 We have jurisdiction under 28 U.S.C. § 1291 to hear this interlocutory appeal from the denial of the motion to dismiss on double jeopardy grounds. See, e.g., United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990).
 
 
 8
 Following a mistrial, the Double Jeopardy Clause prevents retrial unless the mistrial was occasioned by "manifest necessity" or the ends of justice would otherwise be defeated. E.g., Arnold v. McCarthy, 566 F.2d 1377, 1386 (9th Cir.1978). Jury deadlock is a classic example of manifest necessity. United States v. Cawley, 630 F.2d 1345, 1348 (9th Cir.1980). In determining whether a judge has abused his discretion in declaring a mistrial, we examine a number of factors including: (1) the length of the trial,[3] (2) the complexity of the issues, (3) the length of time the jury has deliberated, (4) whether the defendant has made a timely objection to the mistrial, (5) the effects of exhaustion on the jury, and most importantly, (6) the jury's collective opinion that it cannot agree. Rogers v. United States, 609 F.2d 1315, 1317 (9th Cir.1979).
 
 
 9
 The jury in this case deliberated for nearly four days. After two days of these deliberations, the jury reached a verdict as to five defendants, but was unable to agree on a verdict as to the appellants. Three times during their deliberations, the jury asked the court for clarification of the instructions. These inquiries pertained primarily to the issue of constructive possession. The court's response to these jury requests was appropriate, notwithstanding the appellants' objections. After further deliberations, eight of the twelve jurors informed the court that they were hopelessly deadlocked and that further deliberation would be useless. As a result, and without any objection from defense counsel, the court declared a mistrial.
 
 
 10
 As we recognized in Cawley, a case in which the defense also failed to object to the court's declaration of a mistrial, "[t]he trial judge's decision to declare a mistrial when he or she considers the jury deadlocked is accorded great deference by a reviewing court, because the trial judge is in the best position to assess the relevant facts." Cawley, 630 F.2d at 1348. We find nothing in the record to suggest that the trial judge abused his discretion in declaring a mistrial in this case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to the appellants, six other defendants were prosecuted as a result of the surveillance operation. Of these, one pleaded guilty, two were acquitted, and three were convicted. An appeal of these convictions is presently pending before this court. United States v. Al-Hark, No. 90-10233
 
 
 [2]
 An Allen charge is a supplemental instruction to the jurors intended to encourage them to reach a verdict despite an apparent deadlock. See, e.g., United States v. Nickell, 883 F.2d 824, 828 (9th Cir.1989)
 
 
 [3]
 In disregard of this circuit's Rule 30-1.2(b), the appellants failed to include the trial court docket sheet in their excerpt of record. We are thus unable to determine the length of the trial from the record before us, and neither the appellants or the government have seen fit to inform us of this fact in their briefs. We conclude, therefore, that the length of the trial is of no consequence in resolving the appellants' double jeopardy argument