hPER CURIAM.
PROCEDURAL BACKGROUND.
Relator, Darryl Luckett, was charged by bill of information with four (4) counts of first degree robbery, a violation of LSA-R.S. 14:64.1 and one (1) count of armed robbery, a violation of LSA-R.S.14:64; (two (2) counts of first degree robbery were alleged to have occurred Dec. 11, 1991; two (2) counts of first degree robbery were alleged to have occurred Dec. 1, 1991; the armed robbery was alleged to have occurred on Dee. 5, 1991).
A jury of twelve (12) citizens heard this ease on September 2 and 3, 1993. A minute entry filed and dated recorded the following verdicts:
COUNT 1 NOT GUILTY
COUNT 2 NOT GUILTY
COUNT 3 GUILTY OP SIMPLE ROBBERY
COUNT 4 GUILTY OF SIMPLE ROBBERY
COUNT 5 NOT GUILTY
Counsel for Relator filed a motion for a New Trial on December 6, .1993, alleging inter alia “that a mistrial should have been granted because legal defects in the proceedings render the verdicts in this case reversible as a matter of law”, and that “one legal defect was that the jurors did not agree on the guilty verdicts as required by law”, and that “the form of the verdict delivered by the foreman was defective because it did not clearly convey the intentions of the jury”. Counsel further alleges that the court did not orally poll the jury without allowing the jury to retire to resolve its contradictory verdicts. Further, counsel alleges that a tally of the written polling slips showed that there were no guilty verdicts in counts three (3) and four (4). A minute entry dated December 17, 1993, recites that a mistrial was granted by the court as to the trial held on September 2 and 3, 1993, as to all ^counts. A minute entry of January 21, 1994, recites the grant of a New Trial on all counts due to non-consensus as to the jurors polling slips.
On February 18, 1993 the trial court entered a written order as follows:
“After examining the ballots from the jury on each of the five (5) counts against Mr. Luckett, it is the opinion of the court that a mistrial shall be declared on each count. A new trial shall be set in light of the following information.
COUNT ONE: The jury came back with ten (10) votes of “Not Guilty”; one (1) vote of “Guilty of Simple Robbery”; and one (1) vote of “Guilty”. The last guilty ballot, however, was unsigned.
COUNT TWO: The Jury came back with three (3) votes of “Guilty”; one vote of “Guilty of Simple Robbery”, and eight (8) votes of “Not Guilty”.
COUNT THREE: Consisted of six (6) votes of “Guilty”: (Note: four (4) out of six votes had “Not” erased from them); one vote “Guilty of First Degree Robbery”, and five (5) votes of “Not Guilty”.
COUNT FOUR: The Jury came back with six (6) votes of “Guilty” (one of the votes had no name); one vote of “Guilty of Simple Robbery”, and five (5) votes of “not Guilty”.
COUNT FIVE: Consisted of five (5) votes of “Guilty”; vote of “Guilty of Simple Robbery”; six (6) votes of “Not Guilty”.
*1234 Based upon the ballots themselves, it is clear to an observer that the trier of fact was not clear on their verdict. There is confusion not only in their actual votes but additionally as to what they were actually voting for.
In particular, in count one, the only count that there was a consensus of “not guilty” votes, one of the two “guflty” ballots was not signed. The other “guilty” verdict was for simple robbery. Count two was a hung jury. Counts three and four were also hung juries. Count five was not only a hung jury, but also one of the jurors voted twice.
The jurors seemed unsure about what charges applied to which count. Furthermore, only on Count 1 was there agreement between ten (10) jurors (n.g.).
IT IS ORDERED by this Honorable Court that in the interest of justice and fairness to the defendant, Mr. Darryl Luckett, that the previous trial be declared a mistrial.”

\qTHE ISSUE:

The issue presented here is whether the recorded verdicts after trial by the trial court should prevail, although the verdict slips show discrepancies and reveal that no consensus was reached by the jury on 4 of 5 counts.

THE RECORD AS TO THE VERDICT:

When the trial on the merits was completed, the trial court had the duty to receive the verdict. There was the option of ordering the clerk to poll the jury, if so requested; such poll could be orally or in writing. LSA C.Cr.P. 812. Here the court chose polling in writing. LSA C.Cr.P. 812(2) is specific in that:
The court shall order the clerk to poll the jury if requested by the state or the defendant. It shall be within the discretion of the court whether such poll shall be conducted orally or in writing by applying the procedures of Paragraph (1) or Paragraph (2) of this Article ...
(2) The procedure for the written polling of the jury shall require that the clerk hand to each juror a separate piece of paper containing the name of the juror and the words “Is this your verdict?” Each juror shall write on the slip of paper the words ‘Tes” or “No” along with his signature. The clerk shall collect the slips of paper, make them available for inspection by the court and counsel, and record the results. If a sufficient number of jurors as required by law to reach a verdict answer “yes” the clerk shall so inform the court. Upon verification of the results, the court shall order the clerk to record the verdict and order the jury discharged. If an insufficient number required to find a verdict answer ‘Tes”, the court may remand the jury for further deliberation, or the court may declare a mistrial in accordance with Article 775. Amended by Acts 1975, No. 4,75, Sec. 1.
The verdict sheets do not conform with the polling slips. The minute entry does not conform with the voting slips with the exception of the recordation for count one (1). For purposes of illustration the following can be seen:
POLLING SLIP VERDICT SHEET AND MINUTE ENTRY
COUNT 1
10 slips are marked NOT GUILTY
NOT GUILTY
1 slip is marked GUILTY
1 slip is marked GUILTY OF SIMPLE ROBBERY
COUNT 2
8 slips are marked NOT GUILTY
NOT GUILTY
1 slip is marked guilty of simple robbery
3 slips marked GUILTY
COUNT 3
6 slips are marked GUILTY
GUILTY OF SIMPLE ROBBERY
1 slip is marked GUILTY OF ’ FIRST DEGREE
5 slips marked NOT GUILTY
COUNT 4
6 slips are marked GUILTY
GUILTY OF SIMPLE ROBBERY
5 slips are marked NOT GUILTY
1 slip is marked GUILTY OF SIMPLE
COUNT 5
6 slips are marked NOT GUILTY NOT GUILTY
3 slips are marked GUILTY
*1235 POLLING SLIP VERDICT SHEET AND MINUTE ENTRY
1 slip is marked GUILTY OF CHARGE
1 slip is marked SIMPLE ROBBERY
1 slip is marked GUILTY OF ARMED ROBBERY

CONCLUSION

It is clear from this tally of the slips that only count 1 had the requisite votes to arrive at a valid verdict of NOT GUILTY and that all other counts were indicative of a hung jury as a consensus of 10 out of 12 jurors was lacking. The court granted a mistrial on its own motion on December 17, 1993, (see minute entry) in response to counsel’s request for a New Trial. Later the court granted a New Trial on all counts (see order of February 18, 1993).
|5LSA C.Cr.P. art. 775 provides:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.
[[Image here]]
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury ease the jury dismissed, when the state and the defendant jointly move for a mistrial.
Clearly, the court did not declare a mistrial until months after the trial and after he had accepted the jury’s verdicts as valid and had them duly recorded. Notwithstanding that a review of the polling slips shows that the verdicts in counts 2, 3, 4 and 5 were in fact no verdicts at all, once the trial court had received and recorded the jury’s finding of not guilty as to counts 1, 2, and 5, further prosecution on these counts is precluded. LSA C.Cr.P. art. 811. The trial court asked at the conclusion of the trial if these were correct findings and the jury foreman responded that these were the jury’s findings on the five (5) counts. The trial court did not refuse to receive the verdict under LSA C.Cr.P. art. 813. The trial court cannot grant a “mistrial” or a “new trial” four months later because it found that the verdicts may not have been correct. The trial court’s recording of verdicts of NOT GUILTY made them final and further prosecution would violate the double jeopardy clause. Furthermore, granting a mistrial without consent of the defendant bars further prosecution. State v. Encalarde, 579 So.2d 990 (La.App. 4th Cir.1990).
The defendant filed a motion for a new trial on these issues and the court granted his request. The defendant may be retried on counts 3 and 4 of the Bill of Information.
I bACCORDINGLY, the writ is GRANTED and the trial court’s ruling granting a new trial on counts 1, 2 and 5 is REVERSED. The defendant is ordered discharged on these counts. The trial court’s ruling granting a new trial on counts 3 and 4 is AFFIRMED.

WRIT GRANTED; TRIAL COURT’S RULING GRANTING A NEW TRIAL ON COUNTS 1, 2 AND 5 REVERSED; THE RULING GRANTING A NEW TRIAL ON COUNTS 3 AND 4 AFFIRMED.

LANDRIEU, J., concurs.
WARD and WALTZER, JJ., concur in part; dissent in part.